## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## (FORT LAUDERDALE DIVISION)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| US CAPITAL/FASHION MALL, LLC, | ) | |
| et al. | ) | Case No. 14-32819-BKC-JKO |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| KENNETH A. WELT, Chapter 7 Trustee, | ) | |
| | ) | Adv. Pro. No. 16-01417-JKO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN EXPRESS CENTURION BANK, | ) | |
| AMERICAN EXPRESS TRAVEL RELATED | ) | |
| SERVICES COMPANY, INC., AMERICAN | ) | |
| EXPRESS BANK, FSB and AMERICAN | ) | |
| EXPRESS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants American Express Centurion Bank, American Express Travel Related Services Company, Inc., American Express Bank, FSB and American Express Company (collectively, "American Express") submit this Answer and Affirmative Defenses in response to Plaintiff's *Adversary Complaint To Avoid and Recover Avoidable Transfers* [Docket No. 1] (the "Complaint") filed in the above-captioned adversary proceeding.

### ANSWER

American Express answers the individually numbered paragraphs of the Complaint as follows:

<u>The Parties, Jurisdiction and Venue</u>

1.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      American Express admits the allegations set forth in paragraph 8 of the Complaint.

9.      American Express admits the allegations set forth in paragraph 9 of the Complaint.

10.      American Express admits the allegations set forth in paragraph 10 of the Complaint.

11.      American Express admits the allegations set forth in paragraph 11 of the Complaint.

12.     American Express admits the allegations set forth in paragraph 12 of the Complaint, and consents to entry of final orders and judgment by the Bankruptcy Court.

13.     American Express admits the allegations set forth in paragraph 13 of the Complaint.

14.     American Express admits the allegations set forth in paragraph 14 of the Complaint.

15.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

Statement of Facts

17.     Paragraph 17 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 17 of the Complaint.

18.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     American Express' investigation of the facts relating to this case, including the specifics of any business relationships with the Debtors, is ongoing and in its early stages. Consequently, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     American Express' investigation of the facts relating to this case, including the specifics of any business relationships with the Debtors, is ongoing and in its early stages. Consequently, American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

<u>The Transactions and Avoidable</u>
<u>Transfers At Issue In This Case</u>

27.     American Express' investigation of the facts relating to this case, including the specifics of any business relationships with the Debtors, is ongoing and in its early stages. Consequently, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

Count I
Avoidance and Recovery of Preferential Transfers
Pursuant to 11 U.S.C. §§ 547(b) and 550(a)
(All Defendants)

34.    American Express incorporates its responses to paragraphs 1 through 33 above as though set forth fully and verbatim herein.

35.    Paragraph 35 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 35 of the Complaint.

36.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.    American Express' investigation of the facts relating to this case, including the specifics of any business relationships with the Debtors, is ongoing and in its early stages. Consequently, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in sub-parts (a) and (b) of paragraph 37 of the Complaint.  American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in sub-part (c) of paragraph 37 of the Complaint.

38.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     American Express denies the allegations set forth in paragraph 39 of the Complaint.

40.     American Express denies the allegations set forth in paragraph 40 of the Complaint.

Count II
Avoidance and Recovery of Transfers
Under 11 U.S.C. § 548(a)(1)(A)
(All Defendants)

41.     American Express incorporates its responses to paragraphs 1 through 40 above as though set forth fully and verbatim herein.

42.     Paragraph 42 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 42 of the Complaint.

43.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     American Express denies the allegations set forth in paragraph 44 of the Complaint.

45.     American Express denies the allegations set forth in paragraph 45 of the Complaint.

46.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.     American Express denies the allegations set forth in paragraph 47 of the

Complaint.

48.     American Express denies the allegations set forth in paragraph 48 of the Complaint.

## Count III
## Avoidance and Recovery of Transfers
## Under 11 U.S.C. § 548(a)(1)(B)
## (All Defendants)

49.     American Express incorporates its responses to paragraphs 1 through 48 above as though set forth fully and verbatim herein.

50.     Paragraph 50 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 50 of the Complaint.

51.     American Express denies the allegations set forth in paragraph 51 of the Complaint.

52.     American Express denies the allegations set forth in paragraph 52 of the Complaint.

53.     American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     American Express denies the allegations set forth in paragraph 54 of the Complaint.

## Count IV
## Avoidance and Recovery of Transfers Under 11 U.S.C. § 544, Florida
## Statute 726.106(1) and/or Otherwise Applicable Law
## (All Defendants)

55.     American Express incorporates its responses to paragraphs 1 through 54 above as

though set forth fully and verbatim herein.

56.    Paragraph 56 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 56 of the Complaint.

57.    American Express denies the allegations set forth in paragraph 57 of the Complaint.

58.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59.    American Express denies the allegations set forth in paragraph 59 of the Complaint.

Count V
Avoidance and Recovery of Transfers Under 11 U.S.C. § 544, Florida
Statute 726.105(1)(A) and/or Otherwise Applicable Law
(All Defendants)

60.    American Express incorporates its responses to paragraphs 1 through 59 above as though set forth fully and verbatim herein.

61.    Paragraph 61 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 61 of the Complaint.

62.    American Express denies the allegations set forth in paragraph 62 of the Complaint.

63.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.

64.    American Express denies the allegations set forth in paragraph 64 of the Complaint.

65.    American Express denies the allegations set forth in paragraph 65 of the Complaint.

Count VI
Avoidance and Recovery of Transfers Under 11 U.S.C. § 544, Florida
Statute 726.105(1)(B) and/or Otherwise Applicable Law
(All Defendants)

66.    American Express incorporates its responses to paragraphs 1 through 65 above as though set forth fully and verbatim herein.

67.    Paragraph 67 of the Complaint contains a statement of Plaintiff's objective in filing this adversary proceeding, to which no response by American Express is required.  To the extent that a response is required, American Express denies the allegations set forth in paragraph 67 of the Complaint.

68.    American Express denies the allegations set forth in paragraph 68 of the Complaint.

69.    American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.    American Express denies the allegations set forth in paragraph 70 of the Complaint.


**AFFIRMATIVE DEFENSES**

American Express asserts its Affirmative Defenses to the Complaint as follows:

**First Affirmative Defense**

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a

*prima facie* case for recovery under 11 U.S.C. §§ 547, 548, 549 and/or 550, or under applicable Florida fraudulent transfer law, and by this failure has failed to state a claim upon which relief may be granted.  In addition, and under Fed. R. Civ. P. 9(b), made applicable to this proceeding by Fed. R. Bankr. P. 7009, and other applicable authorities, Plaintiff has failed to plead facts with sufficient specificity that, if proven, establish a *prima facie* claim for actual fraud under 11 U.S.C. § 548(a)(1)(A).

## Second Affirmative Defense

Plaintiff may have failed to sue or serve process upon the correct legal entity or entities that did business with, or that received or benefitted from any transfers by, the Debtors in the related Chapter 7 case.

## Third Affirmative Defense

To the extent that American Express received any of the transfers alleged in the Complaint (the "Transfers"), American Express provided reasonably equivalent (if not full, dollar-for-dollar) value in exchange for such Transfers.  *See, e.g.*, 11 U.S.C. §§ 548(a)(1)(B)(i).

## Fourth Affirmative Defense

To the extent that American Express received any of the Transfers, American Express took in good faith, provided reasonably equivalent (if not full, dollar-for-dollar) value and/or extinguished an antecedent debt in exchange therefor.  *See, e.g.*, 11 U.S.C. §§ 548(c) and 548(d)(2)(A).

## Fifth Affirmative Defense

To the extent that American Express received any of the Transfers and American Express was not the initial transferee, Plaintiff cannot recover from American Express because American Express took the transfers for value (the satisfaction of a debt), in good faith, and without

knowledge of the purported voidability of the Transfers. *See*, *e.g.*, 11 U.S.C. § 550(b)(1).

### Sixth Affirmative Defense

To the extent that the Debtors transferred any interest in property to or for the benefit of American Express during the 90-day period prior to the Petition Date, such transfers were intended by the Debtors and American Express to be contemporaneous exchanges for new value, and the transfers were, in fact, contemporaneous exchanges. *See* U.S.C. § 547(c)(1).

### Seventh Affirmative Defense

To the extent that the Debtors transferred any interest in property to or for the benefit of American Express during the 90-day period prior to the Petition Date, such transfers were in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and American Express and either (i) made in the ordinary course of business or financial affairs of the Debtors and American Express or (ii) made according to ordinary business terms. *See* 11 U.S.C. § 547(c)(2).

### Eighth Affirmative Defense

To the extent that the Debtors transferred any interest in property to or for the benefit of American Express during the 90-day period prior to the Petition Date, such transfers were made for new value given to or for the benefit of the Debtors not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of American Express. *See* 11 U.S.C. § 547(c)(4).

### Ninth Affirmative Defense

American Express is entitled to setoff or recoupment against any claim for amounts owed to American Express by the Debtors that are entitled to an administrative expense priority under 11 U.S.C. § 503.

**Tenth Affirmative Defense**

Plaintiff cannot obtain a double-recovery of any Transfers or portions thereof that are recovered or determined to be recoverable from any principals or insiders of the Debtors, from the beneficiaries of the alleged Transfers, or from any persons or entities other than American Express. *See*, *e.g.*, 11 U.S.C. § 550(d).

**Eleventh Affirmative Defense**

Any claim by Plaintiff for recovery of Transfers fails to the extent that such claim is time-barred by the applicable statute of limitation, and/or to the extent that such claim exceeds the reach-back period for avoidance and recovery of such Transfers provided under applicable law.

**Twelfth Affirmative Defense**

American Express denies each and every allegation of the Complaint not expressly admitted or otherwise controverted or qualified, and further denies that Plaintiff is entitled to any relief whatsoever from American Express.

**Thirteenth Affirmative Defense**

American Express reserves the right to assert any additional affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, or other applicable law, as may be discovered during the course of additional discovery and investigation.

**Fourteenth Affirmative Defense**

The Trustee may not recover for the benefit of the estate any sums in excess of what is necessary in order to satisfy any claims against the estate that remain unpaid.

WHEREFORE, American Express respectfully requests that the Court enter an Order dismissing the Complaint, including each and every claim or count set forth therein, with prejudice, and denying any of the relief sought in the Complaint, or that judgment be rendered in

favor of American Express and against Plaintiff with respect to all matters before this Court, and that American Express be granted such other and further relief as the Court deems just, equitable, and proper.

Dated: September 9, 2016              Respectfully submitted,

JONES LAW OFFICE, P.A.

/s/ Jason Z. Jones
Jason Z. Jones
Florida Bar No.186554
9130 S. Dadeland Blvd.
Suite 1209
Miami, FL 33156
Tel: (305) 918-2299
Fax: (305) 938-5040
Email: jjones@joneslawpa.com

ARNALL GOLDEN GREGORY LLP
Frank N. White (Ga. Bar No. 753377)
171 17th Street, N.W., Suite 2100
Atlanta, GA 30363-1031
Telephone: (404) 873-8500
Fax: (404) 873-8745
frank.white@agg.com
*Pro Hac Vice Application Pending*

*Attorneys for Defendants American Express Centurion Bank, American Express Travel Related Services Company, Inc., American Express Bank, FSB and American Express Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2016, I electronically filed the foregoing *Defendants' Answer and Affirmative Defenses* with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF to counsel to the Plaintiff, David C. Cimo, Esq. (dcimo@gjb-law.com) and via electronic mail to Glenn D. Moses, Esq. (gmoses@gjb-law.com), Michael L. Schuster, Esq. (mschuster@gjb-law.com) and Clay B. Roberts, Esq. (croberts@gjb-law.com), Genovese Joblove & Battista, P.A., 100 S.E. Second Street, 44th Floor, Miami, FL 33131.

/s/ Jason Z. Jones
Jason Z. Jones
Florida Bar No. 186554